IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

2014 MAR 24 P 3:01

Barbara Manning,                          )
                                          )
                    Plaintiff,            )
                                          )        Civil Action No. 6:12-2577-SB
v.                                        )
                                          )
Carolyn W. Colvin, Acting                 )
Commissioner of the Social                )        **ORDER**
Security Administration,                  )
                                          )
                    Defendant.            )
_____   )

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of

the Commissioner of Social Security's ("Commissioner") final decision, which denied the

Plaintiff's claim for disability insurance benefits ("DIB"). The record includes the report and

recommendation ("R&R") of United States Magistrate Judge Kevin M. McDonald, which

was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule

73.02(B)(2)(a), D.S.C., and 28 U.S.C. § 636(b)(1)(B).

In the R&R, the Magistrate Judge recommends that the Court reverse the

Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and remand the

matter to the Commissioner for further proceedings. The Commissioner filed timely



objections to the R&R, and the Plaintiff filed a response to those objections. See 28 U.S.C.

§ 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's R&R

within fourteen days after being served a copy).

## BACKGROUND

The Plaintiff filed an application for DIB on August 25, 2008, alleging that she

became unable to work on December 31, 2007. Her application was denied initially and

upon reconsideration. On September 10, 2009, the Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Carroll H. Crawford on February 9, 2010. On July 30, 2010, the ALJ issued a decision finding that the Plaintiff was not disabled. The Appeals Council denied review of July 10, 2012, thereby making the ALJ's determination the final decision of the Commissioner.

The Plaintiff was born on November 15, 1963, and she was forty-six years old on the date of the ALJ's decision. She went to the tenth grade in school, in special education classes, and she has past relevant work as a housekeeper, waitress, warehouse packer, and cashier.

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's R&R

The Court conducts a de novo review to those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations contained in the report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

### II.    Judicial Review of a Final Decision

The role of the federal judiciary in the administrative scheme as established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the

2

findings are supported by substantial evidence and whether the correct law was applied."

Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a
> particular conclusion. It consists of more than a mere scintilla of evidence
> but may be somewhat less than a preponderance. If there is evidence to
> justify a refusal to direct a verdict were the case before a jury, then there is
> "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celecbreeze, 368

F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the

reviewing court should not "undertake to reweigh conflicting evidence, make credibility

determinations, or substitute [its] judgment for that of" the agency. Mastro v. Apfel, 270

F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I.    The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The

Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to result in death or which has lasted or can expected to last for a continuous

period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination

involves the following five-step inquiry:



> [The first step is] whether the claimant engaged in substantial gainful
> employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to
> determine whether, based upon the medical evidence, the claimant has a
> severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is
> sufficiently severe, the third step considers whether the claimant has an
> impairment that equals or exceeds in severity one or more of the

3

impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

Mastro, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. Walls, 296 F.3d at 290.

Here, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since December 31, 2007, the alleged onset date. At the second step, the ALJ found the following severe impairments: osteoarthritis with degenerative joint disease; asthma; chronic pancreatitis; neuropathy; chronic pain disorder; gastrointestinal disorder; vision disorder [slightly reduced vision]; depression; anxiety; and alcohol use. Third, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, the ALJ determined that the Plaintiff is unable to perform her past relevant work. Finally, the ALJ concluded that, based upon the Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that the Plaintiff can perform. Therefore, the ALJ found

that the Plaintiff was not disabled.

## II.    The Instant Action

In this action, the Plaintiff argues that: (1) the ALJ erred in evaluating the Plaintiff's credibility; (2) the ALJ improperly disregarded the opinions of a treating physician; (3) the ALJ failed to adequately consider the combination of the Plaintiff's impairments; and (4) the Appeals Council erred in refusing to consider new evidence.[1]  In response, the Commissioner asserts that substantial evidence supports the ALJ's determination that the Plaintiff was not disabled.  The Magistrate Judge considered the Plaintiff's arguments and agreed with the Plaintiff that the ALJ's failure to set forth the required evidentiary support for his credibility finding requires remand.  The Magistrate Judge also determined that, upon remand, the ALJ should be instructed to reconsider the opinion of the Plaintiff's treating physician, Dr. Phillips.  Based on his recommendation that the case be reversed and remanded, the Magistrate Judge also determined that the ALJ should be instructed to better explain his evaluation of the combined effects of the Plaintiff's severe and non-severe impairments, and that the ALJ should be instructed to consider the record as a whole, including the new evidence submitted by the Plaintiff.

## III.    The Commissioner's Objections

The Commissioner filed written objections to the R&R, requesting that the Court reject the Magistrate Judge's findings and instead affirm the Commissioner's final decision. The Commissioner argues that substantial evidence supports the ALJ's credibility findings

---

[1]  In her initial brief, the Plaintiff also argued that the ALJ erred by failing to properly consider the effects of her obesity on her other impairments, but she later withdrew this argument.

and that the ALJ was not required to repeat his earlier findings or conduct "a fomalistic, factor-by-factor recitation" of the evidence because his reasoning was readily discernable when reading the decision as a whole. (Entry 26 at 5 (citation omitted).) Secondly, the Commissioner argues that substantial evidence supports the ALJ's decision to discount Dr. Phillips' December 2009 percentage ratings.

After a thorough review of the record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and outlined the law, and after consideration, the Court adopts the R&R and incorporates it herein by specific reference. As the Magistrate Judge noted, in assessing a claimant's credibility and subjective complaints of pain, the ALJ must: (1) determine whether there is objective medical evidence of an impairment reasonably likely to cause the pain or other symptoms alleged by the claimant, and, if such evidence exists, (2) evaluate the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work. See Craig v. Chater, 76 F.3d 585, 591-92 (4th Cir. 1996); Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994); S.S.R. 96-7p. A claimant's symptoms, including pain, are considered to diminish her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4). Furthermore, "a formalistic factor-by-factor recitation of the evidence" is unnecessary as long as the ALJ "sets forth the specific evidence [he] relies on in evaluating the claimant's credibility." White v. Massanari, 271 F.3d 1256, 1261 (10th Cir. 2001). Social Security Ruling 96–7p states that the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." 1996 WL 374186, at *4. Furthermore, it "must be sufficiently specific to make clear to the individual and to any subsequent

6

reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight." Id.

Here, the ALJ set forth his credibility finding as follows:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. The claimant, as is pointed out in my discussion of the objective medical evidence, has overstated her impairments, and her complaints of residual functional limitations, which would render her disabled, are not supported by that evidence.

(Tr. at 34.) Although the ALJ refers to his "discussion of the objective medical evidence" in his credibility finding, nowhere does he actually point to any of the evidence he relied upon in evaluating the Plaintiff's credibility. While the Court recognizes that a formalistic recitation of the evidence is not required, the ALJ must provide more than a blanket reference to his "the objective medical evidence." Indeed, Social Security Ruling 96-7p requires an ALJ to include "specific reasons" for his finding on credibility. Here, because the ALJ failed to provide a sufficiently specific explanation to make clear the reasons for discounting the Plaintiff's credibility, it is impossible for this Court to determine whether

 substantial evidence supports the ALJ's credibility finding. Accordingly, the Court agrees with the Magistrate Judge that this case should be remanded to allow the ALJ to provide sufficiently specific reasons supporting his assessment of the Plaintiff's credibility.

Next, with respect to the ALJ's consideration of the Plaintiff's treating physician's opinion, the Court agrees with the Magistrate Judge that because the ALJ's rejection of Dr. Phillips' opinion was related, at least in part, to his flawed credibility assessment of the Plaintiff, upon remand, the ALJ should reconsider Dr. Phillips' opinion. Likewise, having

7

found that remand is appropriate, the Court agrees with the Magistrate Judge that, upon remand, the ALJ should provide a better explanation of his evaluation of the combined effects of the Plaintiff's severe and non-severe impairments, and the ALJ should consider the record as a whole, including the new evidence submitted by the Plaintiff.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 25) is adopted and incorporated herein; the Commissioner's objections (Entry 26) are overruled; and the Commissioner's decision denying benefits is reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), with a remand of the matter for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March **24**, 2014
Charleston, South Carolina

